# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

DAVID BERNSTEIN, DAVID B.
BERNSTEIN,  and STEVEN W.
BERNSTEIN,

      **Plaintiffs,**

**v.**

THE CHATTANOOGA TIMES FREE
PRESS, WEHCO MEDIA, INC., and
WEHCO NEWSPAPERS, INC.,

      **Defendants.**

**Civil Case No. 1:12CV59**

**District Judge Harry S. Mattice/
Magistrate Judge William Carter**

## MEMORANDUM OF LAW IN SUPPORT OF
## CHATTANOOGA PUBLISHING COMPANY'S MOTION TO DISMISS

Pursuant to Tennessee Rule of Civil Procedure 3, T.C.A. §28-3-104, and Federal Rules of

Civil Procedure 12(b)(5) and 12(b)(6), appearing specially, Chattanooga Publishing Company

("Publishing Company"), publisher of the Chattanooga Times Free Press, submits this

Memorandum of Law supporting its Motion to Dismiss.[1]  Alleging diversity, on February 24,

2012, the Plaintiffs filed the instant defamation action.[2]  To this day, they have never served a

summons or a complaint on any of the named Defendants.[3]   When they filed the complaint on

---

[1]     "A defendant is specially permitted to enter a limited appearance for the purpose of filing a motion to dismiss alleging insufficiency of service of process." *Portman v. Wilson*, No. 10-169-KSF, 2011 WL 4527900, at *6 (E.D. Ky. Sept. 28, 2011) (citing *Brown v. Nabors*, No. 3:09-CV-0927, 2011 WL 2443882, at *10 (M.D. Tenn. June 15, 2011)).

[2]     *See* Court File No. 1 at ¶4.  The complaint claims that articles published in the Chattanooga Times Free Press on November 23, 2009, February 6, February 25, March 4, and December 21, 2011 defamed them.

[3]     *See* attached Affidavits of T. Maxfield Bahner and Philip S. Anderson, the defendants' registered agents. The Second Declaration of T. Maxfield Bahner is attached as <u>Exhibit 1</u>; the Second Declaration of Philip S. Anderson is attached <u>Exhibit 2</u>.

February 24, 2012, they had a summons issued, but they have never served process on any of the Defendants or had another summons issued.

Because the Plaintiffs did not serve process on the Defendants within 90 days of issuance and because the Plaintiffs did not obtain issuance of new process within one year of issuance of previous process, the statute of limitations has not been tolled, and now the Plaintiffs' claims are time-barred under Tennessee Rule of Civil Procedure 3 and T.C.A. §28-3-104.

## I.     LAW & ARGUMENT

The United States Court of Appeals for the Sixth Circuit has made clear:

> When the application of state tolling and service of process provisions would affect the running of the statute of limitations and thus affect the outcome of the lawsuit in state court, a federal court in a diversity action should apply those same state rules of decision in determining whether an action is barred by the applicable state statute of limitations.

*Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 (6th Cir. 1982) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)); see also *Proctor & Gamble Cellulose Co. v. Viskoza-Loznica*, 33 F.Supp.2d 644, 666 (W.D. Tenn. 1998); *EADS v. Clark Distributing Co., Inc.*, 70 F.3d 441 ( 6th Cir. 1995).

Tennessee Rule of Civil Procedure 3 requires that, if process remains unserved for 90 days, a plaintiff cannot rely on the original commencement to toll a statute of limitations, unless the plaintiff "continues the action by obtaining issuance of new process within one year from issuance of the previous process." [4] In this case, the Plaintiffs had an initial process issued when

---

[4]     Tennessee Rule of Civil Procedure 3 provides:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued  and whether process be returned served or unserved.  *If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.*

*Id*. (emphasis added).

they filed their action on February 24, 2012. But they have never served process on any of the Defendants, nor have they sought issuance of new process within one year of the previously issued process.

This Court, speaking through Judge Collier, has addressed a strikingly similar fact pattern.[5] The plaintiff filed a complaint on September 9, 2010, alleging various state and federal claims arising out of his alleged treatment while in jail. One of the defendants, the jail nurse, moved to dismiss because she was not personally served until more than a year after the suit was filed and a summons was issued.

The Court granted the motion to dismiss on two independent grounds.[6] For these purposes the second ground is most important: the Court found that the plaintiff's action against the defendant was barred by the statute of limitations. The plaintiff's action accrued on September 12, 2009. He filed suit on September 9, 2010, but did not serve the defendant until October 4, 2011, more than one year after the plaintiff filed his suit. Because the plaintiff did not serve the defendant within 90 days of filing the action, and because he did not obtain issuance of

---

[5]     *Campbell v. McMinn County, Tennessee*, No. 1:10-CV-278, 2011 WL 5921431 (E.D. Tenn. filed Nov. 28, 2011).

[6]     As a first ground, the Court ruled that because the plaintiff had not effected service within 120 days as required by Federal Rule of Civil Procedure 4(m), and because the plaintiff had not met his burden of showing good cause for his failure to meet the 120-day deadline, the defendant was entitled to dismissal of the claims against her. The Court explained:

> It is the "responsibility of the party opposing the motion to dismiss" to establish good cause and this "necessitates a demonstration of why service was not made within the time constraints." [citation omitted]. Moreover, regardless of Defendant's awareness of this lawsuit, the Sixth Circuit has clearly instructed "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." [citation omitted]. "[D]ue process requires proper service of process in order to obtain in personam jurisdiction." [citation omitted]. Thus, proper service of process "is not some mindless technicality." [citation omitted].

*Id*. at *2.
        Finding that "inadvertence, mistake, or ignorance of the rules" is insufficient to demonstrate good cause, the Court found that the defendant was entitled to dismissal of the action against her due to insufficient service of process under Rule 12(b)(5). *Id*. at *3-*4.
        This first basis for dismissal is similar to the basis for dismissal urged by the Publishing Company in its July 10, 2012 Motion to Dismiss [Court File Nos. 13-14] which remains pending before the Court.

05695_01/1202/BJ1-1555789_5

new process within one year from issuance of the previous process, the statute of limitations was not tolled and therefore the plaintiff's claims were time-barred.

After reciting Tennessee Rule of Civil Procedure 3, the Court explained:

> Although the first summons was issued for service of Defendant on September 9, 2010 (Court File No. 1-2), Defendant was not properly served within 90 days of its issuance. As a result, under Tennessee law, the statute of limitations would only be tolled if Plaintiff properly continued the matter by obtaining issuance of new process on or before September 9, 2011. The record, however, shows Plaintiff did not seek issuance of new process until September 22, 2011 (Court File No. 25). Thus, Plaintiff cannot rely on the original commencement of the filing of his complaint to toll the statute of limitations under Tenn. R. of Civ. P. 3. Because service was not perfected until October 4, 2011, well beyond the applicable statute of limitations, the Court finds Plaintiff's claims against Defendant are time-barred by the statute of limitations.

*Id.* at *4.

This Court's ruling in *Campbell v. McMinn County, Tennessee* is on all fours with this case. Here, the Plaintiffs brought this action on February 24, 2012 and on that date initial process issued. More than a year has passed, but the Plaintiffs have never served process on any of the Defendants. Likewise, the Plaintiffs have not sought issuance of new process within one year of issuing original process. Thus, under Tennessee Rule of Civil Procedure 3, the Plaintiffs cannot rely upon the original commencement of this action to toll the running of the statute of limitations.

As in *Campbell v. McMinn County, Tennessee*, T.C.A. §28-3-104 is the statute of limitations applicable in this case. T.C.A. §28-3-104(a)(1) specifically applies to "[a]ctions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of

4

contract...."[7]  The last article regarding which the Plaintiffs complain was published December 21, 2011, more than one year ago.  Because the Plaintiffs failed to comply with Tennessee Rule of Civil Procedure 3 and Federal Rule of Civil Procedure 12(b)(5), the statute of limitations was not tolled and therefore expired on December 21, 2012.   Having not served process on any of the Defendants within that time, and having failed to obtain issuance of new process, the Plaintiffs' claims are time-barred.[8]

## II.    CONCLUSION

The Plaintiffs' claims are barred under Tennessee Rule of Civil Procedure 3, Federal Rules of Civil Procedure 12(b)(5), 12(b)(6) and 41(b) and T.C.A. §28-3-104.  This case should be dismissed.

---

[7]      The Plaintiffs' claims include claims for defamation and also for such things as "present and future severe embarrassment" and "encouragement of time consuming and costly investigations of frivolous claims through manipulation of public perception...."  [Court File No. 1 at pp. 12-13].  In Tennessee, "the gravamen of an action, rather than its designation as one in tort or contract, determines the applicable statute of limitations."  *Jacobs v. Baylor School*, 957 F.Supp. 1002, 1012 (E.D. Tenn. 1996).   Regardless of how the claims are couched, "[t]he limitations period is one year when the case rests upon claims such as mental anguish, anxiety, humiliation, embarrassment and damage to reputation."  *Id*. at 1012-13. *See* also *Swafford v. Memphis Individual Practice Ass'n*., No. 02A01-9612-CV-00311, 1998 WL 281935 (Tenn. Ct. App. filed June 2, 1998) (claims for injury to personal property, intentional infliction of emotional distress, outrageous conduct, tortious interference with business relations and civil conspiracy were governed by one year statute of limitation because gravamen of action was for libel); *Brown v. Dunstan*, 409 S.W.2d 365, 367 (Tenn. 1966) (same).

[8]      In addition to being barred by the statute of limitations, the Plaintiffs failed to comply with Rule 41(b).  *See* e.g., *Campbell v. United States*, 496 F.Supp. 36 (E.D. Tenn. 1980) ("failure of a plaintiff to make service of process within a reasonable time may amount to a want of prosecution of his action...and his failure to exercise reasonable diligence in this regard subjects his action to a dismissal for his failure to prosecute it.") (seven month delay in serving process) *Meredith v. Bush*, 90 F.R.D. 512 (E.D. Tenn. 1981) (nine month delay in serving process) *Costelo v. Pro 30 Funding*, No. 2:12-cv-1429-JAM-EFB PS, 2012 WL5520446 (E.D. Cal. filed Nov. 24, 2012) (six month delay in serving process).

5

Respectfully submitted,

**CHAMBLISS, BAHNER & STOPHEL, P.C.**
By: */s/ Anthony A. Jackson*
      Anthony A. Jackson (BPR #014364)
      Bruce C. Bailey (BPR #011217)
      Yousef A. Hamadeh (BPR #025425)
605 Chestnut Street
Liberty Tower | Suite 1700
Chattanooga, Tennessee 37402
Telephone: (423) 756-3000
Facsimile: (423) 265-9574

*Counsel for Chattanooga Publishing Company*

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. mail:

      Mr. David Bernstein
      20 Park Island Drive
      New Orleans, Louisiana 70122

      Mr. David B. Bernstein
      20 Park Island Drive
      New Orleans, Louisiana  70122

      Mr. Steven W. Bernstein
      1428 Valleyview Road
      Dunwoody, Georgia  30338

      */s/ Anthony A. Jackson*

6