UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DAVID BERNSTEIN, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 1:12-cv-59 |
| v. ) | |
| ) | Judge Mattice |
| CHATTANOOGA PUBLISHING ) | Magistrate Judge Carter |
| COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## ORDER

Before the Court are Defendants' Motions to Dismiss (Docs. 17, 28). Insofar as Defendants seek dismissal of this action for failure to prosecute or comply with Court orders, the Motions will be **GRANTED**.

### I.     BACKGROUND

Plaintiffs filed their Complaint in this action on February 24, 2012. (Doc. 1).

The Complaint was deficient in multiple respects, which the Court need not recount here.[1] (*See, e.g.*, Doc. 4). As a result, Plaintiffs moved to amend the Complaint. (Doc. 5). The Amended Complaint was also deficient, and on May 2, 2012, the Court held a hearing concerning those (and other) deficiencies. (Docs. 7-9). The Court afforded Plaintiffs until May 14, 2012 to file a second motion to amend their Complaint. (Doc. 9). The Court put Plaintiffs on notice that, if they did not amend their Complaint, it would "take appropriate action on the deficient pleadings of record, which may result in the pleadings being stricken or the dismissal of this action." (*Id.* at 4-5).

---

[1] Among other issues, Plaintiffs did not identify or serve an entity amenable to suit. Indeed, it appears they have yet to do so.

On May 11, 2012, Plaintiffs moved to file a second amended complaint. (Doc. 10). The Court granted the Motion and instructed Plaintiffs to file a copy of the Second Amended Complaint on the Court's docket by August 6, 2012.[2] (Doc. 15). The Court further instructed Plaintiffs to effect service of the Second Amended Complaint by October 5, 2012.

Plaintiffs did not comply with the Court's Order. Because they failed to file or effect service of the Second Amended Complaint, Defendants moved to dismiss this action. Rather than dismiss the action outright, the Court ordered Plaintiffs to show cause why their case should not be dismissed for failure to prosecute and failure to obey Court orders. (Doc. 18). The Court put Plaintiffs on notice that it may dismiss the action if they failed to respond.

Plaintiffs responded and filed their Second Amended Complaint on October 19, 2012. (Docs. 19, 21). They stated that they "were unaware until now that pleadings had to be filed both in paper form and electronically," and they asserted that they "would move promptly to correct this oversight." In fact, prior to October 19, 2012, it appears that Plaintiffs had not filed their Second Amended Complaint, either in paper *or* electronically.[3] Somewhat inexplicably, Plaintiffs also filed a Motion for Leave to File Second Amended Complaint. (Doc. 22). Although the October 19 Motion was unsigned, it was in other respects identical to the May 11 Motion (Doc. 10), which the Court had already granted. (Doc. 15).

---

[2] Prior to entry of the Court's Order, Defendants had moved to dismiss due to Plaintiffs' failure to serve. (Doc. 13). Because the Court provided a new period in which Plaintiffs could effect service, it denied that Motion as moot.

[3] Although they had filed a *proposed* Second Amended Complaint some months earlier. (*See* Doc. 10-1).

2

Thereafter, on October 26, 2012, Plaintiffs filed a "Motion for Modification." (Doc. 25). In it, Plaintiffs stated that they "did not receive and did not know [of] the existence of the Court's August 2, 2012 Order until receipt of the Court's October 9, 2012 Order." They further stated that they registered with the Court's electronic case filing system, asserting: "We are now receiving email from the Court's electronic filing system. Accordingly it is unlikely that a similar mishap over notice will occur." Plaintiffs therefore asked for an additional ten days from to effect service on Defendants.

On February 26, 2013, Defendants still remained unserved. Consequently, Defendants moved to dismiss the Second Amended Complaint for failure to serve and based on the statute of limitations. (Docs. 28, 29). The Court yet again ordered Plaintiffs to show cause why the action should not be dismissed with prejudice for the reasons stated in Defendants' Motion. (Doc. 32). The Court ordered Plaintiffs to show cause not later than April 14, 2013, specifically stating:

> Plaintiffs are **ON NOTICE** that failure to show cause (<u>in writing and filed on the Court's docket</u>) by the date specified in this Order are grounds on which to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). Plaintiffs are further **ON NOTICE** that the Court will deem their failure to comply with this Order as an admission that this case should be dismissed with prejudice for the reasons stated by Defendants.

(Doc. 32) (emphasis original).

Plaintiffs did not respond to Defendants' Motion to Dismiss or the Court's Order.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or

3

any order of the court." *See Link*, 370 U.S. at 629; *Nemchik*, 483 F. App'x at 9; *Knoll*, 176 F.3d at 362-63.

The Court considers four factors when addressing a motion to dismiss under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988). None of these factors is dispositive, and "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).[4]

As the Court noted in a prior Order, "the posture of this action veers toward the needlessly complex, almost solely due to Plaintiffs' conduct." (Doc. 32 at 1 n.1). Plaintiffs have repeatedly failed to comply with the most basic pleading requirements. They have regularly missed deadlines and repeatedly failed to respond to their opponents' positions. Perhaps most importantly, they have on several occasions wholly failed to comply with Court orders – including the Court's most recent Order to Show Cause. (Doc. 32). This non-compliance is exacerbated by Plaintiffs' most recent representations that they were receiving all notices of filing and that, as a result, future disobedience would not occur. (Doc. 25).

---

[4] The United States Court of Appeals for the Sixth Circuit has defined "contumacious" as "perverse in resisting authority and stubbornly disobedient." *Fharmacy Records*, 379 F. App'x at 524 n.1 (quotation omitted).

Initially, the Court was willing to write off these failings as the product of mere negligence. However, such a generous approach has its limits. When Defendants are forced to endure clear prejudice because of Plaintiffs' repeated failure to comply with explicit directives, only one reasonable conclusion emerges. Plaintiffs' repeated delays and non-compliance with Court orders are willful, or at the very least, clear products of inexcusable fault. Their failure to prosecute their case and comply with Court directives demonstrates their unwillingness to further pursue these claims or abide by the Court's future instructions. Thus, this case should be dismissed.[5]

## III.  CONCLUSION

Plaintiffs have willfully failed to comply with Court orders. They were expressly notified by Court order that additional disregard of Court orders would result in dismissal of this action. The Court finds that Plaintiffs have exhibited a clear pattern of delay and contumacious conduct resulting in prejudice to Defendants. Further, the Court has considered the imposition of different or additional sanctions, and under the circumstances, the Court concludes that dismissal of this case with prejudice is necessary and appropriate.

Accordingly, and for the reasons stated, Defendants' Motions to Dismiss (Docs. 17, 28) are hereby **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **DIRECTED** to enter a separate judgment in accordance with Fed. R. Civ. P. 58 and, thereafter, close this case.

---

[5] The Court notes the alternative bases for dismissal set forth by Defendants (i.e., "Plaintiffs' claims are barred under [Tenn. R. Civ. P.] 3, [Fed. R. Civ. P.] 12(b)(5), 12(b)(6) . . . and [Tenn. Code Ann.] § 28-3-104). Because this case should be dismissed pursuant to Fed. R. Civ. P. 41(b), the Court need not address those arguments.

**SO ORDERED** this 17th day of April, 2013.

                                                  */s/ Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                                  UNITED STATES DISTRICT JUDGE